The first case for argument this morning is 17-1507, Grober v. Mako Products, Mr. Lawson. Good morning, Your Honors. I'm Robert Lawson on behalf of Appellant Voice International, and with me is Co-Appellant David Grober. Mr. Grober is the inventor of the Academy Award-winning cameras. In the blue brief at 25, you cite FedRSIVP37A5A, but you don't quote the final sentence. It states, but the court must not order this payment if, inter alia, I'm injecting that, the opposing party's nondisclosure response or objection was substantially justified. Why did you leave out that last sentence? Page 25 of the blue brief. So that's document 82? Is that correct? Document 82. Do you have your blue brief? Pardon me? Do you have your blue brief? Your opening brief. My opening brief, sure. Print page 25. And again, I'm sorry, the question is? Why did you leave off the last sentence of 37A5A? The court must not order the payment if, and then I'm ellipsis, the opposing party's nondisclosure response or objection was substantially justified. But why was the substantially justified part left off? Yes. Well, Your Honor, I wasn't the author of the brief, but. You signed it, did you not? Actually, I did not. Did you sign on to it? I personally didn't sign on to it either. Did your firm? They did not. I seem to recall you're adopting this brief, did you not? I did not. Actually, a different. Well, it says you are joining, notice of joinder, right? Correct. That notice of. You joined the opening brief. Right, that notice of joinder was, on behalf of Voice International, was filed by John Hokanson, who's another appellate lawyer who's not here today. Are you affiliated with him? I'm not affiliated other than for a time, each of us has represented Voice International. So do you have a, did you do a notice of appearance here? Certainly, yes. Do you not sign on to the brief? You're not joining it? No, I'm here for Voice International today and Voice International is joining the brief. Okay. Okay, let me take you to 37A5A. It applies that the motion is granted, but 37A5C applies that the motion is granted in part and denied in part. The magistrate judge appears to have only granted in part and denied in part those motions, but it didn't outright grant any motion. Did the magistrate judge outright grant any of your discovery motions? It was my understanding that, oh, did he outright grant and not deny portions of it? Yes. I think the reason that portions were denied was. That's a yes or no question. Did he outright grant any of them? Perhaps not, and the reason was because of the erroneous non-infringement ruling that came down and kind of changed everything midstream, and that was all the subject of the prior appeal. I take that as a no, the perhaps not. Correct, correct. Okay. Then if he didn't grant any of them, he partial, right, why doesn't 35A5C apply rather than A? Your Honor, as I stand here, I don't know the answer to that question, but I'd be happy to try and brief. Well, no, no, you should know your rules. 35A5C says the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. In your reply brief, you contend you were denied an opportunity to be heard, but you were given the opportunity to brief the issue of whether sanctions were appropriate, weren't you? Are you speaking at the district court or here with the? The district court. Yes, we did brief that, and I believe. So why doesn't that briefing constitute an opportunity to be heard? That would seem to constitute an opportunity to be heard. Okay, given the discretionary wording then of 37A5C, what authority supports your position that the district court was required to award sanctions? Your Honor, the district court is required to award sanctions unless the losing party. What authority? Give me authority. Per Rule 37, the district court is required. What part of Rule 37? I don't have the rule in front of me right now, but. Let me move on. In the blue brief at 34, if you'll turn there, you argue that V&W firm made up the allegations regarding the defamation lawsuit. You cite a declaration from a person named Matthew O'Connor, who supposedly denied that Mr. Grober made any defamatory statements, and you cite me to appendix at 1168. And I have a question here, which is how do we know that's the same Matthew O'Connor discussed in the defamation lawsuit? But the reason I have that question is I don't know who drafted the affidavit, but whoever did apparently didn't know anything about foundation or how to provide a basis for something other than conclusory statements. Mr. O'Connor says things about defamatory statements. He doesn't say what they are. How can we draw any value out of that affidavit? And if we can't, then how do we get back to your argument at page 34? Well, Your Honor, through the course of this 14-year case, just due to various financial challenges, Mr. Grober has had to do a lot of the legal work himself. And so I think that explains the declaration being incompetent. Well, the declaration being not as good as might be desirable. Well, but without competent evidence in the record to support you, how can you make that argument? I think the better argument... So you can't? Perhaps not on that point, but I think the better argument is the 5,000 emails that... I'll get to that if we have time. Throughout the gray brief, you appear to question the district court's motivations. For example, at page 30, you state that the district court had an, quote, apparent desire to make this case go away. Now, did a lawyer write that or did your client? Similarly, on page 32, you criticize the district court as having, quote, ignored the facts before it that lies had been told and submitted as truth in the Rule 11 motion. Those are serious accusations against the district court. What evidence do you have that the district court acted with improper motivation? Mr. Grober was the author of those statements. And at the district court, the appellants... You signed on to the brief. You joined the brief. Voice International joined the brief through another attorney. But the appellants were frustrated at the district court because these rulings came down in... I'm not asking about their frustration level. I'm asking about the allegations of improper conduct by the district court. Is that any evidence? I think that other than the fact that orders were issued and motions were denied and reasons, and sanctions weren't awarded and reasons weren't stated, as far as that's the frustration. So the basis for those statements is that the court was doing its job? I think the basis is the court wasn't doing its job because it wasn't stating the reasons and it wasn't providing opinions that could be reviewed by this court. It wasn't explaining why it did things. You, in the blue brief, argue the district court improperly denied a court reporter pursuant to 28 U.S.C. 753b. Do you have any case law in the civil context to support that position as opposed to criminal cases? The Ninth Circuit has held in criminal context that to succeed on a 753b claim, a party has to demonstrate specific prejudice resulting therefrom. I don't see anything in the civil, and I don't see anything where they're supporting allegations that your client was specifically prejudiced by not having a free reporter. And while I'm throwing questions at you, if your client wanted a court reporter, why didn't your client get a court reporter? All right. Let me try and address those questions. Sure. I don't believe we're aware of any case law that supports that argument in the civil context. We could certainly make another effort to try and find it and provide that to the court. You get the shot in your briefs. And again, as mentioned before, appellants were just kind of caught by surprise that these hearings were being held and the court reporter, there was a court reporter, and then all of a sudden the court said, well, let's go off the record, and then that was the end of the court reporter. And for example, the delay in filing the motion for sanctions, what caused a large part of that was that when the magistrate's ruling came down, no district judge was assigned to the case. And then when the district judge was assigned, we were instructed that the Rule 11 motion was to be resolved first and that no other motions were to be filed. But unfortunately, that was an oral directive given by the court, and so there's no record of that. So that's just an example of how we were harmed by the lack of a court reporter. And, Your Honor, if I could, since I don't have too much more time, I'd like to make one important Counsel, you're always able to make a record, court reporter or not. Well, if I could, I'd like to just make one direct to the court to a mistake in Apelli's corrected brief, and that's at document 59, page 17, where the Kang v. Barnhart case is cited, and it's cited as a Federal Circuit case, although it actually comes from the Seventh Circuit. Are you looking at the red brief? Yeah, I'm looking at Apelli's corrected reply brief. That's document 59 at page 17. The Kang v. Barnhart case, along with all those other Seventh Circuit cases, is actually a Seventh Circuit case. It's not a Fed Circuit case. Fine. So did you have the opportunity to follow Gregory? So is this meant to be? This was just something that, in preparing for the hearing today, that we became aware of, and it's important. You'd be better off, Counsel, dealing with the problems in your briefs, because you have a lot of them, and I haven't even addressed a lot of them. Well, I think it's important to point out this problem. The reason is that regional circuit law covers these issues, and so the Ninth Circuit has actually declined to adopt any rule that the failure to timely or to object to the magistrate's ruling waives the right to appeal, and I have a Ninth Circuit case directly on point for that that's not in the papers. So do I. Yeah, the Britt v. Simi Valley Unified School District, 708 Fed 2nd, 452-454, Ninth Circuit, 1983. Okay, you understand that Gregory gets the opportunity to respond to what Red says. That's the point. Yes, I understand that. Do you want to speak at all if you have anything more? All times, but we're out of time. All right. Why don't we get to the other side while we save some time. Thank you. May it please the Court. David Leitz for Appellees MAKO Products, Inc. and Barnell & Warwick. Let me go right to the waiver question, okay? In the red brief at 11, you argue that the appellants waived their opportunity to challenge the magistrate judge's order denying sanctions by not objecting within 14 days. But the district court didn't rely on waiver when it addressed the issue of sanctions and instead addressed the merits of the sanctions issues. Did you argue waiver to the district court? We didn't argue waiver to the district court, Your Honor. Then didn't you waive waiver? We may have, Your Honor. But even if we did, none of this appeal as to MAKO Products and Barnell & Warwick is timely. The notice of appeal was filed on January 21, 2017. The operative date when this case had a final judgment for purposes of appeal was August 9, 2016. Did you raise that in the red brief? We raised timeliness, Your Honor, but in the red brief, we did not sort of go through the timeliness argument in the way that I'd like to today. And I'm here to assist the court with that. Well, I'd like to ask you a couple of questions. It was suggested that Rule 37A5A may not have been the appropriate portion of the payment of expenses rule that's applicable today. It was suggested that 37A5C, which deals with granted in part and denied in part, may have been the more appropriate rule. Did you raise that argument anywhere in your brief? We did, Your Honor. Where? I don't have the specific page site, but we did say in the— Well, get it. I'll wait. Your brief is very short. It shouldn't take you long. I don't have the brief at my fingertips, Your Honor. You came to court today without your brief? I just don't have it at my fingertips, Your Honor. Did you bring it to court with you today? No, Your Honor, I did not. Your brief is 20 pages long. Here, you can borrow mine. Come get it. Thank you, Your Honor. Where did you raise the 37—I'll look off Judge Prost while you find it for me. Where did you raise this argument that it is 37A5C, not 37A5A, which applies? You can see the page I'm on shows you making the argument about substantially justified under 37A5A, and I understand that, but I was looking for the argument about 37A5C. There's no specific site to 35A5C. Yes, Your Honor. However, on page 10, we raise the argument that the motions were granted in part and denied in part. And this is the middle of page 10. First, Mr. Grover ignores that two of the motions were granted in part and denied in part. So this is the Rule 34A4C analysis. And it also says this assumes that the fees are mandatory. Yes, and they are not. This is part of their— But then you go on to say and apply the substantially justified language, which is the language from 37A5A. It's not language which appears in 37A5C, correct? Correct. There are multiple arguments here. The first argument— Well, no, I don't see anywhere in your brief an argument that the wrong rule was applied. I note that you say from a factual matter they were granted in part and denied in part, but I don't see— In fact, then immediately thereafter, you quote the language from 37A5A as though that is still the applicable portion of the rule, despite the fact that they were granted in part and denied in part. The brief on page 9 talks about how the wrong rule is being applied here. And the wrong rule is being applied for many different reasons, Your Honor. Where does it say that? It talks about Rule 37E being the rule that should apply. And indeed, the motion for sanctions itself in the first— 37E, just to make sure I'm not mistaken, is not the same rule as 37A5C, correct? Correct, Your Honor. Okay, so my only question to you was did you at any place in this brief make the argument that the appropriate rule to apply is 37A5C, and you claimed yes, you did, and now you're pointing me to a section where you say 37E should have been the rule that applies. I don't see how that is a yes to my question. And then you're pointing me to the place where you said factually they were granted in part and denied in part, but then you go on to apply 37A5A, so I don't see how that is an answer to yes. Give me a straight answer to my question. Did you at any place in this brief raise the argument that 37A5C is the appropriate rule that should have been applied in this case? Your Honor, I believe that I did give you the answer, which is no, that rule is not cited in this brief, qua cited. The rule is not in there. But however, the factual predicate for that rule is granted in part and denied in part, and so the fact that you mentioned somewhere in your brief that it was granted in part and denied in part is a preserved argument on appeal that the wrong rule was reviewed for this case? We're not preserving arguments for appeal. We're briefing our position here, and I'm here to help clarify for the court. No, you're here to try to make a new argument. Bring me my brief back. Yes, Your Honor. Because I don't see that argument anywhere in your brief, and while it's a very good argument, I don't see you having made it. And similarly, Your Honor. Why don't you wait until you get back to me? Similarly, Your Honor, the timeliness argument is not spelled out in the brief in the way that I'd like to spell it out now, which is that August 9, 2016 is the operative date. But just like their gray brief is the opportunity to respond to you, your red brief is your opportunity to present your case. You don't get to stand up an oral argument just like we're not going to allow them to stand up an oral argument and make all new arguments on appeal. Well, we made the timeliness argument, Your Honor, and we're making the timeliness argument again. Is that a jurisdictional argument? Yes, it is, Your Honor. This court in Consipi v. Morgan v. Consipi, 76 Federal Appendix 939, says the time limits of Rule 4 are jurisdictional and a party's failure to timely notice of appeal may not be waived. This court lacks jurisdiction to hear any of the issues relative to Varnell and Warwick and Mako products, and those are issues items number 3 through 7 on the notice of appeal. They're trying to bootstrap the timeliness of this entire appeal on the final order that was entered in December of 2016. However, that was a motion filed under Rule 69A, Federal Rules of Civil Procedure 69A, which is not one of the rules under Appellate Rule 4A4A that extends the time for filing an appeal. It's not a Rule 50B motion. It's not a Rule 52B motion, 54, 59, or 60 motion. So what we're looking for is the date of the final judgment, and August 9th is the critical date, because on that date, we had Mako products being discharged in bankruptcy as of October 7, 2014, in case number 312, Bankruptcy 6572 in the Middle District of Florida. And the claims of the appellants were in that bankruptcy listed as claims, listed as contingent claims. And so as of the date of the discharge, Mako products is done. Also on that date, the case was dismissed with prejudice on April 27, 2016, by the district court judge. There was a final adjudication as to defendants Air Sealand Productions, Cinetech Video, Inc., and Blue Sky Aerials Honor about May 25, 2016, when a consent judgment was entered as to all those defendants. And the final issues relating to defendants Spectrum Effects and non-party Vernell & Warwick were disposed of by the two orders on August 9, 2016. All that came after was their Rule 69B motion to amend that default judgment to add this new party, Spectrum Effects New Orleans, NOLA. And that doesn't extend the time for appeal. So this appeal is actually governed by Rule 4A1A, and we look 30 days past August 9, 2016. There was no appeal filed as to Mako products and Vernell & Warwick as of that date. They're 134 days late in filing their notice of appeal in January 2017, and this court lacks jurisdiction to even consider the appeal. So jurisdiction can be raised at any time. I'll give you that. But wouldn't it have been a lot more convenient if you had raised this when we could read it? It sure would have, Your Honor, and I apologize for the sparseness of the brief, and I was not on brief in this case. But you raised it in the brief, because I have to be—yes, Warwick is certainly correct that you couldn't raise a jurisdictional issue at any point in time, and you claimed to me that you did raise this timing issue in the brief, although not as extensively as you would like. So can you tell me where it is in the brief? Again, Your Honor, there are timeliness issues in the brief. I don't have the brief in front of me, but the brief talks about, you know, this being six weeks. I'm not going to give you mine. Hold it down. Thank you, Your Honor. This is all quite extraordinary in my view. I've been on the bench for a long time. Granted, you might be able to preserve this issue of jurisdiction for any time, but it seems to me that what you've done is you've allowed this court to spend numerous hours going through briefs. You even filed a motion for sanctions where you're seeking attorney's fees from the other side. Presumably, you're going to calculate in your sanctions. If you were to prevail on sanctions, you would be calculating the amount of time you spent on all of this, even though you're here now saying that's all for naught. All the time we spent on this case, all the time you spent on the case, that's all for naught, because here we've come up with the winner of the jurisdictional argument. Is that correctly summarizing where we are today? There is a pending motion for sanctions. But the motion for sanctions would deal with the costs that you put in to this appeal. It, of course, doesn't cover the costs we put on to this appeal, which now under your argument appears to have been unnecessary. Absolutely, Your Honor. And again, I wasn't on brief in this case, and I do apologize. Well, everybody seems to be getting away with that today, right? I mean, that's what we're hearing from the other side. But I guess I take issue with the extent to which you're coming to this court and taking our time in making arguments, and that goes for both sides. So we spend a lot of time going through the briefs. This is only supposed to be a half hour. Yes, Your Honor. And then you both come here either disavowing everything you've said or saying it's unnecessary or saying you're not sure what it says because you didn't write it. I'm not saying that, Your Honor. I'm not saying that, Your Honor. I'm here representing Mako Products and Barnell & Warwick Law. When did you become involved in this appeal? A couple weeks ago, Your Honor. A couple weeks ago. When did you figure out that there wasn't jurisdiction, in your view, in this case? In preparation for the oral argument. When? I would say Thursday last week. Thursday last week. So on Friday, did you contemplate making the court aware of this determination by filing? We get stuff all the time. Even on the morning of argument, I've had our clerk's office run something up to my chambers saying attorneys just figured this out, Judge, and they want to put it in front of you before you get out there. And I'm always appreciative when they do that because, as you can imagine, I don't like having things sprung on me in oral arguments, things that have to do with which date, which things were given notice of appeal. I have none of those documents in front of me. You're just, you don't, and you surely don't because you didn't even bring your own brief. So you're spouting off a bunch of details that you became aware of four days ago. I mean, were you isolated on an island without the ability to inform the court? Why would you choose not to inform the court that you believed last Thursday we had no jurisdiction over this case? Your Honor, I didn't think that there was a procedural mechanism to submit further briefing on this case. I thought that the case was briefed, that the parties were locked into the briefs that they had submitted. Well, obviously you're not locked in because you're making an entirely different argument. You didn't think you were locked in. They can't possibly be locked in because they've got a right to respond, even if it's for two minutes of rebuttal, right? Again, Your Honor. And how can they respond to your new argument about lacking jurisdiction, which is based on dates, particular notice of appeal information was filed, none of which we have in front of them, and I couldn't blame them for not having it in front of them because until you stood there and said it, they're not on notice of it. So how can they meaningfully respond today to this argument you're making about jurisdiction that you possessed for four days? Gosh, I mean, it feels like the Kavanaugh hearings. Go ahead. Your Honor, it actually was incumbent upon the appellants to determine whether or not the appeal was filed timely. And so that would actually be part of the frivolity of this appeal, that they should have done this assessment of whether or not. Let me say this, counsel. Yes. I think the Chief makes an awfully good point. And coming into this, given what I consider frivolous nature of the appellant's brief, I was leaning strongly towards attorney's fees. I am no longer. You've talked yourself out of that. I appreciate that, Your Honor. But we would still say that we should prevail on the merits of this, number one, because the court lacks jurisdiction and also because. I think you have a good argument there. Also because all of the grounds of appeal, if we were to get to the substance of it, lack merit. One of the orders, the show cause order, which is item five on the notice of appeal, doesn't even apply to these parties. It was a show cause order that was. I'm aware of that. And with regard to number six, this is the issue of granted in part and denied in part. Those discovery motions. You don't know how much time you wasted. I went deeply into the record, given the allegations, especially by the other side, trying to find anything that supported them. I just second everything the Chief said. And again, on behalf of the appellants, I see my time is almost out. I apologize on behalf of the appellees, MAKO Products International and Barnell & Warwick. And I will do better in the future in terms of filing a supplemental notice to this court if I do find a jurisdictional issue. And I thank you, Judge Moore, for telling me that I should be doing that. Thank you, Your Honor. We'll give you five minutes for rebuttal. Okay. Go ahead. Your Honors, we would request a supplemental briefing on the new issue that's been raised by Appelli. And secondly, for my five minutes remaining, I'd like to address the primary issue on appeal. That is whether it was an abuse of discretion not to amend the judgment. Wait a minute. Unless I've missed something with all this. That wasn't an issue you raised initially in your argument 15 minutes ago, right? I certainly intended to raise it from the very beginning. However, all the questions about the sanctions issue, which you may not even have jurisdiction over, prevented me from doing so. But I'd just like one minute to make one point. I'll use the other four. Pardon me? Your best bet is to sit down. I'm giving you really good advice right now. All right. What we're going to do is order additional briefing exclusively on this jurisdictional question that's been raised this morning. We'll give the other side, since you've already thought it out, get until Wednesday close of business to file a five-page brief on this matter. And you'll get to the following Monday to file no more than a five-page response to this issue. And that will be the end of it. And then we'll decide, take up the issues we've raised here this morning, the issues that we need to brief, and, of course, deal with the jurisdictional issue. Okay? In terms of format, Your Honor, would you like this as a bound brief or a letter brief? No, I think a letter brief would be fine. Double-spaced or single-spaced five pages. Single-spaced five pages. Thank you very much, Your Honor. And then, again, gentlemen, are you hearing this five-page response due by close of business Monday? They are filing by close of business Wednesday, five-page letter brief, single-spaced. You are filing a response to that by close of business Monday. Thank you. You're limited to jurisdiction. Do we have two minutes still? Do we still have two minutes? I'm sorry. You're not the counsel. Do you have something you wanted to insert here? No, Your Honor. We're set. Thank you. We'll just submit the case for the time being. Thank you, Your Honor.